UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAYMOND L. INGRAM, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Cause No. 3:04-CV-606RM |
| ) | |
| FEDERAL-MOGUL POWERTRAIN, INC., ) | |
| ) | |
| Defendant ) | |

OPINION AND ORDER

Daymond Ingram, representing himself, filed suit against his former employer, Federal-Mogul Powertrain, Inc., on October 15, 2004, alleging racial discrimination in his termination. On August 5, 2005, Federal-Mogul filed a motion to compel, staing that Mr. Ingram had not submitted his initial disclosures and discovery responses, and had not responded to defense counsel's efforts to facilitate discovery. Mr. Ingram didn't respond to the motion to compel and was ordered to show cause why the court should not award Federal-Mogul attorney fees and costs associated with its motion to compel. Again, Mr. Ingram didn't respond. On September 23, Federal-Mogul moved to dismiss with prejudice Mr. Ingram's claim against it for failure to prosecute under FED. R. CIV. P. 41(b). Mr. Ingram hasn't responded.

A court ordinarily may not dismiss a case with prejudice for want of prosecution without first providing an explicit warning to the plaintiff. Sharif v. Wellness Intern. Network, Ltd., 376 F.3d 720, 725 (7th Cir. 2004). District Rule 41.1 provides that civil cases which no action has been taken for a period of six months may be dismissed for want of prosecution after thirty days notice. The filing and

service of Federal-Mogul's motion to dismiss has sufficiently placed Mr. Ingram on notice of the potential consequences of his failure to prosecute.[1] The record reveals that Mr. Ingram has taken no action at all in connection with the prosecution of this case since February 2005.

Also pending is the court's order to show cause why costs incurred in the motion to compel should not be assessed. [Docket No. 27]. Given that the dismissal of Mr. Ingram's claim with prejudice for failure to prosecute is a harsh sanction, and because there is no record of egregious conduct, the court declines to assess any additional sanctions for his failure to comply with this court's orders.

Accordingly, Federal-Mogul's motion to dismiss is GRANTED [Docket No. 29], the order to show cause is VACATED, [Docket No. 27], and this cause is hereby DISMISSED WITH PREJUDICE.

SO ORDERED.

Dated: November 8, 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

---

[1] Federal Mogul's Rule 41(b) Motion to Dismiss for Failure to Prosecute contains a certificate of service that the document was mailed to his last known address and in addition, the clerks office has mailed a copy to the address Mr. Ingram provided when he filed suit. While the court notes the uncertainty regarding Mr. Ingram's current address, requiring any additional notice other than a mailing to the address which the plaintiff gave, in the unique circumstances presented by a pro se litigant's failure to advise the district court of a change in his address, is unworkable.  See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988).  Moreover, Federal Mogul's motion states the numerous instances which Mr. Ingram has failed to comply with deadlines for the prosecution of the suit, concluding that Mr. Ingram has abandoned his claim and for that reason, requests that his suit be dismissed with prejudice. From this, it is clear that Mr. Ingram was on notice that he faced dismissal of his case.